IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br>101 N. Phillips Avenue<br>Sioux Falls, South Dakota 57104,<br><br>       Plaintiff,<br>    v.<br><br>THE BANK OF NEW YORK MELLON<br>CORPORATION<br>One Wall Street<br>New York, New York 10286<br>      And<br>PECO ENERGY COMPANY<br>2301 Market Street<br>Philadelphia, PA 19103,<br><br>      Defendants. | CASE NO.      17    1393<br><br>**COMPLAINT** |

Plaintiff, WELLS FARGO BANK, N.A. ("Wells Fargo"), by and through its undersigned counsel, Fox Rothschild LLP, pursuant to 28 U.S.C. § 1332, brings this action against Defendants, THE BANK OF NEW YORK MELLON CORPORATION ("BNYM") and PECO ENERGY COMPANY ("PECO") (collectively "Defendants"), and alleges as follows:

**PARTIES**

1.      Wells Fargo is a national banking association organized pursuant to the laws of the United States, with its main office in Sioux Falls, South Dakota. Accordingly, Wells Fargo is a citizen of South Dakota for diversity purposes. Wells Fargo is authorized to transact business, and is doing business, in Philadelphia County, Pennsylvania.

2.      BNYM is incorporated under the laws of Delaware and has its principal place of business in New York, New York. Accordingly, BNYM is a citizen of Delaware and New York

for diversity purposes. BNYM is authorized to transact business, and is doing business, in Philadelphia County, Pennsylvania.

3.      PECO is incorporated under the laws of Pennsylvania and has its principal place of business in Philadelphia, Pennsylvania. Accordingly, PECO is a citizen of Pennsylvania for diversity purposes.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Wells Fargo and each of the other parties to this action, and the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(2) because this District is where a substantial part of the events giving rise to the causes of action set forth in this Complaint occurred.

## FACTUAL BACKGROUND

6.      On or about August 2, 2011, Parlin Corporation ("Parlin") opened an Advantage Business Package Checking Account (the "Parlin Account") at the Wells Fargo store located at 2843 N Broad Street, Philadelphia, Pennsylvania 19132. John Burgher and William F. Burgher were identified as signatories for the Parlin Account.

7.      On April 28, 2015, William F. Burgher deposited a check for $183,698.82 (the "Check") into the Parlin Account. A true and correct copy of the Check is attached hereto as Exhibit A.

8.      The Check was made payable to the Church of Jesus Christ, drawn on BNYM, and endorsed to Parlin and/or William F. Burgher. *See* Exhibit A. The drawer of the Check was PECO.

2

9.     After Wells Fargo credited the Parlin Account for the full amount of the Check, the funds were withdrawn from the Parlin Account. Wells Fargo thus became a holder in due course of the Check.

10.    On April 28, 2015, Wells Fargo presented the Check directly to BNYM.

11.    BNYM untimely returned and dishonored the Check for the reason of "return to maker" at 8:48 p.m. on May 1, 2015.

12.    As a result of BNYM's untimely return and dishonor of the Check, the Parlin Account became overdrawn in the amount of $183,851.31. Wells Fargo transferred the remaining funds in William F. Burgher's account into the Parlin Account, and after other small credits and account fees posted, the final overdrawn amount was $169,928.87.

13.    Despite Wells Fargo's demands, BNYM has failed and/or refused to reimburse Wells Fargo for the Check, which amount remains due and owing to Wells Fargo.

14.    As a result of BNYM's untimely return and dishonor of the Check, Wells Fargo has been damaged.

15.    Upon BNYM's dishonor of the Check, PECO, as the drawer of the Check, became obligated to pay the Check to Wells Fargo.

16.    PECO has not reimbursed Wells Fargo for the Check, which amount remains due and owing to Wells Fargo.

17.    As a result of PECO's failure to pay the Check, Wells Fargo has been damaged.

18.    All conditions precedent to this action have been satisfied, occurred, or have otherwise been waived.

## COUNT I

### Violation of 13 Pa.C.S.A. § 4302 against BNYM

19.     Wells Fargo re-alleges and incorporates by reference the allegations contained in each of the proceeding paragraphs of this Complaint as if fully restated herein.

20.     BNYM is the drawee and payor bank of the Check.

21.     On April 28, 2015, Wells Fargo presented the Check directly to BNYM.

22.     Pursuant to Pennsylvania's Uniform Commercial Code ("PA UCC"), BNYM was required to send notice of dishonor or return the Check on or before midnight on April 29, 2015. *See* 13 Pa.C.S.A. §§ 4301(a) and 4302(a).

23.     BNYM failed to send notice of dishonor or return the Check until 8:48 p.m. on May 1, 2015.

24.     Accordingly, pursuant to the PA UCC, BNYM is accountable for the amount of the Check, regardless of whether the Check is properly payable. *See* 13 Pa.C.S.A. § 4302(a).

25.     Wells Fargo is a holder in due course, and as such, any defenses BNYM may have to its liability to pay the Check are not effective against Wells Fargo. *See* 13 Pa.C.S.A. §§ 4302(b), 3302 and 3305(b).

26.     Despite Wells Fargo's demands, BNYM has failed and/or refused to reimburse Wells Fargo for the Check.

27.     As a direct and proximate result of BNYM's violation of the PA UCC, Wells Fargo has been damaged.

4

**WHEREFORE**, Plaintiff, Wells Fargo Bank, N.A., respectfully requests that this Court enter judgment in its favor and against Defendant, The Bank of New York Mellon Corporation, and prays for the following relief:

(1)     An award of all damages Wells Fargo has suffered as a result of BNYM's violation of 13 Pa.C.S.A. § 4302, in an amount to be proven at trial but at least $169,928.87;

(2)     An award of pre-judgment interest and post-judgment interest;

(3)     An award of Wells Fargo's reasonable costs, expenses, and attorneys' fees incurred in connection with this action; and

(4)     For such other and further relief as the Court deems equitable and just.

## COUNT II[1]

### Violation of 13 Pa.C.S.A. § 3414 against PECO

28.     Wells Fargo re-alleges and incorporates by reference the allegations contained in each of the proceeding paragraphs of this Complaint as if fully restated herein.

29.     PECO is the drawer of the Check.

30.     Pursuant to the PA UCC, upon dishonor of the Check, PECO became obligated to pay the Check to anyone entitled to enforce the Check in accordance with its terms at the time it was issued, or if not issued, at the time it first came into possession of a holder. *See* 13 Pa.C.S.A. § 3414(b).

31.     Wells Fargo is a holder in due course and therefore entitled to enforce PECO's obligation to pay the Check. *See* 13 Pa.C.S.A. §§ 3301 and 3302.

32.     PECO has not reimbursed Wells Fargo for the Check, which amount remains due and owing to Wells Fargo.

33.     As a direct and proximate result of PECO's violation of the PA UCC, Wells Fargo has been damaged.

**WHEREFORE**, Plaintiff, Wells Fargo Bank, N.A., respectfully requests that this Court enter judgment in its favor and against Defendant, PECO Energy Company, and prays for the following relief:

(1)     An award of all damages Wells Fargo has suffered as a result of PECO's violation of 13 Pa.C.S.A. § 3414, in an amount to be proven at trial but at least $169,928.87;

(2)     An award of pre-judgment interest and post-judgment interest;

(3)     An award of Wells Fargo's reasonable costs, expenses, and attorneys' fees incurred in connection with this action; and

(4)     For such other and further relief as the Court deems equitable and just.

_____
JOSHUA HORN, ESQUIRE (Id. No. 71799)
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000

**Attorneys for Plaintiff**
**Wells Fargo Bank, N.A.**

Dated:   March 28, 2017

---

[1] Count II against PECO is brought in the alternative to Count I.

| Site | VIEWPOINTE | Paid Date | 04282015 | Serial No | |
|---|---|---|---|---|---|
| Routing | | Account | | PC | |
| Amount | 183698.82 | Sequence | | Capture Source | |

**Front Black & White Image**



**Back Black & White Image**



**AVERMENT OF IDENTITY**

17       1393

I, Joshua Horn, Esquire, hereby aver that the Civil Cover Sheet, Complaint, Case Management Track Designation Form, Designation Form, Exhibit A, Rule 7.1 Corporate Disclosure Statement in electronic format on the attached compact disc is a complete and accurate representation of the paper version of *Wells Fargo Bank, N.A. v. The Bank of New York Mellon Corporation and PECO Energy Corporation.*

Respectfully submitted,

Joshua Horn

Dated: March 28, 2017